## LAMBERT v INDUST COMM

Common Pleas Court, Hamilton Co

Decided November 1, 1939

Dolle, O'Donnell & Cash, Cincinnati, for plaintiff.

Edward A. Schott, asst. attorney general, Cincinnati, for defendant.

### OPINION

By MACK, J.

A jury being waived, this appeal from the Industrial Commission of Ohio was tried to the court upon the certified transcript, and was argued and submitted to the court.

It is alleged that while in the course of and within the scope of his employment plaintiff "was injured by slipping on a brick lying on the ground where he was working, which jerked and strained his side so that there was thereby caused pain in his right groin and a right inguinal hernia," necessitating an operation.

Plaintiff's claim was disallowed, for the reason that "claimant's disability is not the result of an injury received in the course of and arising out of employment with the employer named."

It is undisputed that previous to the occasion in question plaintiff had no hernia; that he as one of some fifteen or eighteen men was carrying a heavy I beam two feet wide and thirty feet long; that such work was in the course

of and arising out of his employment. Plaintiff testifies as follows:

"Q. Now, go on and tell us what happened to you as you were carrying that thing, lifting it?

"A. Well, I was carrying it, lifting it. There was a bunch of half bricks lying there, pieces, and we had to climb all over that stuff. When we was going over it, I slipped with one foot, the right foot over them bricks and that jerked me.

"Q. What happened to your right foot on the bricks? Tell us some of the details.

"A. It slid off of the side.

"Q. What happened to you then?

"A. Then is when I noticed the pain in my side."

It is strenuously argued on behalf of defendant that plaintiff is not entitled to compensation, because such undisputed injury was not the result of a trauma; in other words, it is contended that in order to be compensable a hernia must be the result of a blow or some force to that part of an employee's body wherein the hernia develops. In the opinion of the court such claim is without foundation, either under the provisions of the Constitution and statutes relating to workmen's compensation or principles of justice enunciated in the adjudications of this and other states having similar provisions.

Our **Constitution, Art. II, Sec. 35,** providing for the establishment of a state fund for employees injured or killed, is a broad one, stating that it is for the following purposes, viz:

"For the purpose of providing compensation for workmen and their dependents, for death, injuries or occupational disease, occasioned in such workmen's employment."

Equally broad are the following provisions of our statutes, viz:

**Sec. 1465-68, GC,** provides for compensation of "every employee mentioned in §1465-61 (defining employee) who

is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted."

**Sec. 1465-91, GC,** which provides that the Industrial Commission "may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act."

(Attention is directed to the fact that in the General Code of Ohio the foregoing word "this" is printed as "his". This is because such Code provision carries such erroneous word from 109 Ohio Laws, at page 187. Said session law erroneously printed the word as "his" instead of "this", as appears in the former enactments found in 103 Ohio Laws at page 89, and 102 Ohio Laws at page 532.)

It is true that notwithstanding the broad language of the Constitution and statutes above referred to, which neither use the word "accident" or "accidental", our Supreme Court has held that the Ohio Workmen's Compensation Laws comprehend only such injuries as are accidental in their design and cause. **Industrial Commission v Brown, 92 Oh St 309; Industrial Commission v Roth, 98 Oh St 34; Renkel v Industrial Commission, 109 Oh St 152; Industrial Commission v Russell, 111 Oh St 692; Industrial Commission v Franken, 126 Oh St 299; Laudato v Construction Co. 135 Oh St 127, 13 OO 507.**

We are emphatically of opinion that even if our constitution and statutes expressly stated that an injury to be compensable must be accidental or one occasioned by accident, nevertheless in instant case the hernia injury of Lambert was occasioned solely by an accident, namely, his foot slipping and resulting in a jerk to his body.

In consideration of instant case we are especially guided by the provision of §1465-91, GC, as well as the rule announced by our Supreme Court, holding that the provisions of the Workmen's Compensation Act are to be construed liberally in favor of the employee. **In-**

dustrial Commission v Pora, 100 Oh St 218, at 222; Industrial Commission v Weygandt, 102 Oh St 1, Syl. 4.

That the injury to plaintiff was the result of an accident or accidental happening is strictly true when we refer to the definition of an accident or accidental happening as being "a fortuitous unexpected event"; "one occurring by chance as opposed to design"; "occurring unexpectedly"; "an event that takes place without one's foresight or expectation"; "taking place not according to the usual course of things"; "an undesigned harm or injury".

Century Dictionary states:

"In legal use, an accident is an event happening without the concurrence of the will of the person by whose agency it is caused."

Fenton v Thorley & Co., Ltd. (1903) Appeal Cases, 443, is the leading case upon the question of what is an accident or an injury by accident. In that case the workman and a fellow workman were moving a wheel. Suddenly the workman felt something which he described as "a tear in his inside", and it was found that he was ruptured, although theretofore he was a man of ordinary health and strength. There was no evidence of any slip or wrench or sudden jerk.

Upon appeal from the Court of Appeals the House of Lords held that the injury to the workman was an injury by accident within the meaning of the Workmen's Compensation Act of England. Lord Macnaghten said at page 448:

"I come, therefore, to the conclusion that the expression 'accident' is used in the popular and ordinary sense of the word as denoting an unlooked-for mishap or an untoward event which is not expected or designed."

Lord Lindley said at page 455:

"It is not straining language, but using it in its ordinary sense, to describe a personal injury as caused by an acci-dent. The personal injury was the rupture; the cause of it was the unintended and unexpected resistance of the wheel to the force applied to it."

Reference to the adjudications of courts of other states shows that almost uniformly a hernia received by an employee, who was theretofore in normal health, while he was lifting or carrying some weight in the performance of his duties, has been held to be an injury by accident within the purview of Workmen's Compensation Acts.

The authorities are collected in an elaborate note following the case of Giguere v Whiting Co., 98 A. L. R., annotated, page 196.

In Ohio the same principle has been enunciated by our Courts of Appeal in the following cases of hernia injuries, the first case referred to being by our own Court of Appeals: Cincinnati Street Railway Co. v Clock, 50 Oh Ap 139, 3 OO 466; Industrial Commission v Luger, 54 Oh Ap 148, 7 OO 466; Industrial Commission v Hoffman, 8 Oh Ap 379.

While the case of Rhiel v Industrial Commission, 4 OO 479, decided by the Court of Appeals for Stark county, seems contrary to the foregoing, said case, however, is contrary to a former decision by the Court of Appeals for Stark county, reported as Hayden v Industrial Commission, 15 Oh Ap 112.

The following analogous cases where the injury was one other than hernia, and where there was no trauma, reached the same result as this court does in the instant case: Industrial Commission v Dunham, 33 Oh Ap 237; Cavanaugh v Industrial Commission, 48 Oh Ap 541.

It follows from the foregoing that a finding herein will be made in favor of the plaintiff.